1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORNEALUS, Jr., | Case No.  1:15-cv-01549-SAB-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 4).

In the instant petition, Petitioner is challenging his 2000 conviction in Fresno County Superior Court for four counts of residential robbery and one count of first degree burglary.

---

[1] The Court notes that Petitioner has not named a proper respondent.  In this case, Petitioner names "People of the State of California" as the Respondent.  It is insufficient to name "People of the State of California" as the Respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

1   Petitioner previously filed a prior federal petition for writ of habeas corpus in this district
2   with respect to his 2000 conviction.  See Cornealus v. Horel, Case No. 1:04-cv-06338-GSA-HC.
3   In that action, the court denied the habeas petition on the merits on October 26, 2007.  See
4   Cornealus v. Horel, Case No. 1:04-cv-06338-GSA-HC, ECF No. 28.  On July 25, 2008, the
5   United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate
6   of appealability.  See Cornealus v. Horel, Case No. 1:04-cv-06338-GSA-HC, ECF No. 37.

7                                             **I.**

8                                       **DISCUSSION**

9        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
10  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
11  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

12       A federal court must dismiss a second or successive petition that raises the same grounds
13  as a prior petition.  See 28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or
14  successive petition raising a new ground unless the petitioner can show that 1) the claim rests on
15  a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously
16  discoverable through due diligence, and these new facts establish by clear and convincing
17  evidence that but for the constitutional error, no reasonable factfinder would have found the
18  applicant guilty of the underlying offense.  See 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is
19  not the district court that decides whether a second or successive petition meets these
20  requirements.

21       Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by
22  this section is filed in the district court, the applicant shall move in the appropriate court of
23  appeals for an order authorizing the district court to consider the application."  In other words,
24  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
25  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must
26  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
27  to file the petition because a district court lacks subject-matter jurisdiction over a second or
28  successive petition.  See Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert.*

1   *denied*, 117 S.Ct. 794 (1997).

2       Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to

3   file his successive petition.  As previously stated, Petitioner previously filed a federal petition for

4   writ of habeas corpus in this Court challenging his 2000 conviction for burglary and residential

5   robbery.  The petition was denied on the merits and the Ninth Circuit denied a certificate of

6   appealability.  Therefore, the instant petition is successive.  As Petitioner has not obtained prior

7   leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to

8   consider Petitioner's renewed application for relief under Section 2254 and must dismiss the

9   petition.  See Greenawalt, 105 F.3d at 1277.

10                                              **II.**

11                          **CERTIFICATE OF APPEALABILITY**

12       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

13   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

14   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

15   whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

16       (a) In a habeas corpus proceeding or a proceeding under section
17       2255 before a district judge, the final order shall be subject to
         review, on appeal, by the court of appeals for the circuit in which
18       the proceeding is held.

19       (b) There shall be no right of appeal from a final order in a
         proceeding to test the validity of a warrant to remove to another
20       district or place for commitment or trial a person charged with a
         criminal offense against the United States, or to test the validity of
21       such person's detention pending removal proceedings.

22       (c) (1) Unless a circuit justice or judge issues a certificate of
             appealability, an appeal may not be taken to the court of
23           appeals from–

24           (A) the final order in a habeas corpus proceeding in which
                 the detention complained of arises out of process issued by
25               a State court; or

26           (B) the final order in a proceeding under section 2255.

27       (2) A certificate of appealability may issue under paragraph (1)
             only if the applicant has made a substantial showing of the
28           denial of a constitutional right.

1

2
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

3      If a court denies a petitioner's petition, the court may only issue a certificate of

4 appealability "if jurists of reason could disagree with the district court's resolution of his

5 constitutional claims or that jurists could conclude the issues presented are adequate to deserve

6 encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S.

7 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must

8 demonstrate "something more than the absence of frivolity or the existence of mere good faith on

9 his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

10     In the present case, the Court finds that reasonable jurists would not find the Court's

11 determination that Petitioner should be dismissed debatable, wrong, or deserving of

12 encouragement to proceed further.  Petitioner has not made the required substantial showing of

13 the denial of a constitutional right.  Accordingly, the Court hereby declines to issue a certificate

14 of appealability.

15                                          **III.**

16                                        **ORDER**

17     Accordingly, IT IS HEREBY ORDERED that:

18     1.  The petition for writ of habeas corpus is DISMISSED as successive;

19     2.  The Clerk of the Court is DIRECTED to close the case; and

20     3.  The Court DECLINES to issue a certificate of appealability.

21

22 IT IS SO ORDERED.

23 Dated:   __**November 2, 2015**__

      _____
      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28